United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30827
Conference Calendar
_____

WARREN BROUSSARD,

                                        Plaintiff-Appellant,

versus

JAMES ANTHONY FLATTERY; NICHOLAS PASAO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-921
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Warren Broussard, federal prisoner # 08686-035, appeals

the district court's dismissal of his <u>Bivens</u>** action as

frivolous and for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii).  Broussard has filed a motion to

proceed in forma pauperis (IFP) on appeal, challenging the

district court's certification that his appeal was not taken in

good faith pursuant to <u>Baugh v. Taylor</u>, 117 F.3d 197, 199-202

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     **<u>Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

(5th Cir. 1997). He has also filed a motion for appointment of counsel, which is denied.

Broussard argues that the district court made assumptions that were not based on the record, but he does not state to which assumptions he is referring. He contends that the district court did not consider the pleadings in the light most favorable to him. Broussard contends that the defendants have demonstrated complete indifference to his medical needs. He argues that the district court's dismissal was based on unsworn and unbelievable responses in the administrative process record. Broussard does not provide any specifics concerning which parts of the medical and administrative records, which were attached by Broussard to his complaint in support of his complaint, were supposedly "unbelievable."

The exhibits demonstrate, as the district court so noted, that Broussard received treatment for his knee on an ongoing basis, including several MRI's and an orthopedic consultation. The orthopedist recommended that Broussard was not a candidate for surgery because he was too young and recommended conservative treatment. Broussard received medication for pain. The district court correctly concluded that Broussard's claim amounted to no more than a disagreement with his medical treatment. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The district court's certification that Broussard's appeal is not taken in good faith is upheld, Broussard's motion for IFP

is denied, and this appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Broussard is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  We caution Broussard that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP AND APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.